**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: March 15 2012

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 11-30002 |
| | ) | |
| Colin J. Gill, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 11-3067 |
| | ) | |
| Sloan Development, LLC | ) | Hon. Mary Ann Whipple |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Colin J. Gill | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OF DECISION AND ORDER
### GRANTING MOTION FOR SUMMARY JUDGMENT

This adversary proceeding is before the court on Plaintiff's unopposed Motion for Summary Judgment [Doc. #14]. Defendant is the debtor in the underlying Chapter 7 case. Plaintiff alleges in its complaint that a judgment debt owed to it by Defendant should be excepted from his discharge under 11 U.S.C. § 523(a)(2)(A).

The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b) and the

general order of reference entered in this district. Proceedings to determine dischargeability of particular debts are core proceedings that the court may hear and decide. 28 U.S.C. § 157(b)(1) and (b)(2)(I). Having considered the motion and supporting briefs, for the reasons that follow, Plaintiff's motion will be granted.

## **FACTUAL BACKGROUND**

Plaintiff, Sloan Development, LLC ("Sloan"), timely filed an adversary complaint against Defendant, Colin J. Gill ("Debtor"), to have a state court judgment debt owed to it determined nondischargeable under 11 U.S.C. § 523(a)(2). [Doc. # 1.] On July 25, 2008, Sloan sued Debtor in the Common Pleas Court of Lucas County, Ohio, Case No. CI08-5735, asserting a claim for fraud. [*Id.* at ¶ 6; Doc. # 9, Answer, ¶ 6]. A certified copy of the state court docket shows that Debtor was represented by counsel in the state court action. [Doc. # 15, Pl. Ex. D].

On June 12, 2009, the state court entered an Opinion and Judgment Entry granting a motion for partial summary judgment filed by Sloan. [Doc. # 15, Pl. Ex. A]. Although Debtor had been granted an extension of time to respond to the motion, no response was filed. [*Id.* at 1 (p. 11/35)]. The state court found that Debtor is the "owner, President, and Secretary of Snowden Construction Co., Inc. ("Snowden")" and that Sloan contracted with Snowden for the installation of certain infrastructure on Sloan's property. [*Id.* at 2 (p. 12/35)]. The state court also found that the contract included a payment procedure providing in material part as follows:

> Each application (for payment) shall be accompanied by (i) an affidavit in a form reasonably acceptable to the owner setting forth the names and addresses of all subcontractors, sub-subcontractors, and material suppliers who furnished labor or materials for the project and (ii) full and unconditional lien waivers from each of the foregoing through the last date for which payment was made to the contractor.

[*Id.* at 2-3 (pp.12-13/35)]. The state court found that Debtor had provided Sloan with an "Affidavit of Contractor" representing that all subcontractors and materialmen had been paid in full. [*Id.* at 3 (pp. 13/35)]. The state court further found as follows:

> 1. On or after January 5, 2007 and thereafter, defendant Colin J. Gill, as President...induced plaintiff to tender $70,000.00 to Snowden Construction Co., Inc., upon the false pretense that all materialmen providing materials to the job site prior to January 18, 2007 had been paid in full.
>
> 2. In fact, on January 18, 2007, when defendants tendered a false written statement to plaintiff, Snowden owed Kuhlman Corporation a minimum of $70,000.00 for materials

delivered to the job site between July 24, 2006 and November 20, 2006 which fact was knowingly and intentionally concealed from plaintiff by defendants.

3. Acting in reliance upon defendants' false representation, on January 31, 2007, plaintiff tendered $70,000.00 to Snowden. Had plaintiff been aware of the debt to Kuhlman, it would not have tendered the $70,000.00 to Snowden.

4. Snowden accepted the $70,000.00 payment from plaintiff and never paid Kuhlman.

5. As a result of these actions, Kuhlman filed a Mechanic's Lien on plaintiff's property and plaintiff was forced to pay Kuhlman $70,000.00 in order to obtain release of its lien. Thus, plaintiff has paid twice for the same materials.
. . . .

8) When, on January 5, 2007 defendant Gill personally signed the invoice to plaintiff requesting payment from plaintiff in the amount of $85,854.80, and subsequently tendered the false document titled "Affidavit of Contractor" to plaintiff, he knew that Snowden owed Kuhlman no less than $70,000.00 for materials delivered to the job site and intentionally concealed that fact from plaintiff in order to obtain the $70,000.00 payment from plaintiff. Thus, defendant Gill is personally liable to plaintiff for Snowden's fraud."

[*Id.* at 5-6 (pp. 15-16/35)].

Based upon these findings, and after a hearing on damages that both Debtor and his attorney attended, a final judgment was entered by the state court against Debtor and in favor of Sloan in the amount of $90,712.50. [Doc. # 15, Pl. Exs. B and C].

## LAW AND ANALYSIS

**I. Summary Judgment Standard**

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In reviewing a motion for summary judgment, however, all inferences "must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-88 (1986). The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, "and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with

3

the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party has met its initial burden, the adverse party "may not rest upon the mere allegations or denials of his pleading but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue for trial exists if the evidence is such that a reasonable factfinder could find in favor of the nonmoving party. *Id.* Although a party fails to respond to a motion for summary judgment, the court must nevertheless satisfy itself that the moving party has met the demands of Fed. R. Civ. P. 56 before granting the motion. *See Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 407 (6th Cir. 1992).

## II. 11 U.S.C. § 523(a)(2)(A)

Sloan seeks a nondischargeability determination under § 523(a)(2)(A) with respect to the debt owed by Debtor pursuant to the state court judgment. It relies on the collateral estoppel effect of the state court judgment in arguing that it is entitled to judgment as a matter of law on its complaint in this case.

Under § 523(a)(2)(A), a debt is excepted from discharge to the extent it was obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." In order to except a debt from discharge under this section due to false pretense or false representation, a plaintiff must prove the following elements by a preponderance of the evidence: (1) the debtor obtained money or services through a material misrepresentation, either express or implied, that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss. *Rembert v. AT&T Universal Card Services, Inc. (In re Rembert)*, 141 F.3d 277, 280-81 (6th Cir. 1998). A debtor's intent to defraud a creditor is measured by a subjective standard and must be ascertained by the totality of the circumstances of the case at hand. *Id.* at 281-82. "If there is room for an inference of honest intent, the question of nondischargeability must be resolved in favor of the debtor." *ITT Final Servs. v. Szczepanski (In re Szczepanski),* 139 B.R. 842, 844 (Bankr. N.D. Ohio 1991).

Under § 28 U.S.C. 1738, federal courts are directed to give the same "full faith and credit" to state court judgments as would a court of the issuing state and are precluded from re-litigating a decided issue. *Corzin v. Fordu (In re Fordu),* 201 F.3d 693, 703 (6th Cir. 1999). Under Ohio law, there are four

prerequisites to the application of the doctrine of collateral estoppel:

> 1) A final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue; 2) The issue must have been actually and directly litigated in the prior suit and must have been necessary to the final judgment; 3) The issue in the present suit must be identical to the issue in the prior suit; 4) The party against whom estoppel is sought was a party or in privity with a party to the prior action."

*Sill v. Sweeney ( In re Sweeney)*, 276 B.R. 186, 189 (B.A.P. 6th Cir. 2002).

It is undisputed that Debtor was a party in the prior state court action. There is also no dispute that a final judgment was entered in the state court action and that Debtor had a full and fair opportunity to respond to Sloan's motion for partial summary judgment and to litigate the issue of damages. The fact that Debtor filed no response to the motion for partial summary judgment after being granted an extension of time to do so is of no consequence. It is only necessary that the opportunity to fully and fairly litigate an issue be available; it is not required that the party have exercised that opportunity. Thus, the first and fourth elements under *Sweeney* are satisfied.

As to the second and third elements, it is clear that the same issues presented in this adversary proceeding were litigated and decided in the state court action – namely, that Debtor obtained money from Sloan through his fraudulent misrepresentation justifiably relied upon by Sloan. The elements of a fraudulent misrepresentation claim under Ohio law mirror the elements that must be shown in order to prevail under § 523(a)(2)(A). *Compare Deutsche Bank Nat'l Trust Co. v. Pevarski*, 187 Ohio App.3d 455, 470-471 (2010) (setting forth the elements of a claim of fraudulent misrepresentation under Ohio law) *with Rembert,* 141 F.3d at 280-81 (setting forth the elements of a § 523(a)(2)(A) claim). Specifically, the state court found that (1) Debtor induced Sloan to tender $70,000 to Snowden by falsely representing in the Affidavit of Contractor that all materialmen had been paid that had supplied material to the job site on Sloan's property, (2) Debtor knew that his representation was false, (3) Debtor intentionally concealed the fact that Snowden owed Kuhlman Corporation $70,000 for materials delivered to the job site, (4) Sloan relied upon Debtor's representation, and (5) as a result, Kuhlman filed a mechanic's lien on Sloan's property and Sloan was forced to pay another $70,000 in order to obtain a release of the lien.

Although the state court opinion does not include an express finding that Sloan's reliance was justifiable, as justifiable reliance is an element of a fraudulent misrepresentation claim under Ohio law, *Pevarski*, 187 Ohio App.3d at 471, such a finding can be inferred given the state court's determination

that Debtor is personally liable to Sloan for Snowden's fraud. Moreover, the payment procedure set forth in the contract between Snowden and Sloan requiring that an affidavit be provided to Sloan before any payment was to be made also demonstrates the parties' intent that such an affidavit be relied upon by Sloan in making payments under the contract. As a reasonable factfinder could not conclude otherwise, there is no genuine dispute that Sloan's reliance on Debtor's misrepresentation was justified.

Debtor's liability on the debt for fraudulent misrepresentation having been preclusively determined by the state court, and there being no genuine dispute as to any material fact in this proceeding, the court finds that Sloan is entitled to judgment as a matter of law in its favor on its dischargeability claim under § 523(a)(2)(A).

**THEREFORE,** for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment [Doc. # 15] be, and hereby is, **GRANTED.**